```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA
```

JUAN J. STIAES                                CIVIL ACTION

VERSUS                                        NO: 12-3013

GEORXT, INC.                                  SECTION: R

## ORDER AND REASONS

Defendant GEORXT, Inc. ("GEORXT") moves to dismiss on the grounds that it is not subject to personal jurisdiction in Louisiana, and because plaintiff, Juan Stiaes, did not properly serve it. Defendant Reservoir Exploration Technology, Inc. ("RXT") moves to dismiss because plaintiff has failed to state a claim against it upon which relief may be granted.[1] For the following reasons, the Court lacks personal jurisdiction over GEORXT. Accordingly, GEORXT's motion to dismiss is granted. RXT's Rule 12(b)(6) motion is also granted, but plaintiff has 14 days to amend his complaint to state a claim against RXT.

**I.   BACKGROUND**

Defendant RXT is a Texas corporation, with its headquarters in Houston. Juan Stiaes, a resident of Slidell, Louisiana, began working for RXT as a mechanic in 2008. In 2011, RXT stationed Stiaes as a mechanic on the M/V Sanco Star, a vessel located off the coast of Africa. On March 15, 2012, GEORXT, a corporation organized under the laws of the British Virgin Islands, hired

---

[1] R. Doc. 10.

Stiaes as a mechanic on the M/V Sanco Star. On July 7, 2012, plaintiff suffered an injury to his right hand. Plaintiff subsequently sued GEORXT and RXT, asserting claims under the Jones Act, the Oceanographic Research Vessels Act, an the general maritime law of the United States.[2]

GEORXT moves to dismiss on grounds that this Court lacks personal jurisdiction over it, and that it was not properly served. RXT moves to dismiss on the grounds that plaintiff has failed to state a claim upon which relief can be granted.

## II.  PERSONAL JURISDICTION

### A. STANDARD

Personal jurisdiction "is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)(internal citation omitted). When a nonresident defendant moves the court to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden to show that personal jurisdiction exists. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). When the court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in the present case, the nonmoving party need only make a *prima facie* showing. *Godhra v. United States Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir.

---

[2] R. Docs. 1, 4.

1999). The allegations of the complaint, except as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of plaintiffs. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

A court has personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *Latshaw v. Johnson*, 167 F.3d 208, 211 (5th Cir. 1999). Because Louisiana's long-arm statute, La. R.S. § 13:3201, *et seq.*, extends jurisdiction to the full limits of due process, the Court's focus is solely on whether the exercise of its jurisdiction in this case satisfies federal due process requirements. *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999)(citing La. R.S. § 13:3201(B)).

The exercise of personal jurisdiction over a nonresident defendant satisfies due process when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state, and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Latshaw*, 167 F.3d at 211 (citing *Int'l Shoe Co. v. Wa.*, 326 U.S. 310, 316 (1945)).

There are two ways to establish minimum contacts: specific jurisdiction and general jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). General jurisdiction will attach, even if the act or transaction sued upon is unrelated to the defendant's contacts with the forum state, if the defendant has engaged in "continuous and systematic" activities in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984); *Wilson*, 20 F.3d at 647. Contacts between a defendant and the forum state must be "extensive" to satisfy the "continuous and systematic" test. *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001). *See also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2853-54 (2011)("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation it is an equivalent place, one in which the corporation is fairly regarded as at home.").

Specific jurisdiction exists when a nonresident defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001); *Helicopteros*, 466 U.S. at 414 n. 8. Minimum contacts may be established by actions, or even just a single act, by the nonresident defendant

4

that "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

"When the cause of action relates to the defendant's contact with the forum, the 'minimum contacts' requirement is satisfied, and 'specific' jurisdiction is proper, so long as that contact resulted from the defendant's purposeful conduct and not the unilateral activity of the plaintiff." *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987); *see also Hanson v. Denckla*, 357 U.S. 235, 253 (1958)("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."). This restriction on the minimum contacts inquiry ensures that the defendant "purposefully availed" itself of the benefits of the forum state such that it could "reasonably anticipate being haled into court there." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000)(internal quotations omitted)(quoting *Burger King*, 471 U.S. at 474); *see also Bearry*, 818 F.2d at 375.

**B. DISCUSSION**

   **1. JOINT VENTURE**

At the outset, plaintiff alleges that GEORXT is a joint venture between GEORADAR Levantamentos Geofiscious S./A. and RXT.

Accordingly, it argues that RXT's contacts with Louisiana should be imputed to GEORXT. Ordinarily, "whenever one co-venturer acts in the forum to further the interests of the venture, its contacts with the forum will be attributed to the co-venturers." *Nolan v. Boeing Co.*, 736 F. Supp. 120, 127 (E.D. La. 1990) (citing *Itel Containers Int'l Corp. v. Atlanttrafik Exp. Serv., Ltd.*, 116 F.R.D. 477 (S.D.N.Y. 1987)).

Plaintiff argues that Louisiana law should determine whether an entity is a joint venture for the purposes of personal jurisdiction. Plaintiff relies of Rule 17(b) which provides that the capacity of a corporation to be sued is determined "by the law under which it was organized" and that the capacity of a partnership or unincorporated association to be sued is determined by the law of the state where the court is located. Fed. R. Civ. P. 17(b). Rule 17, however, does not stipulate that the forum state's law determines whether an entity is a corporation or a joint venture in the first place; instead, it assumes that the entity's form is undisputed. Other courts faced with classifying an entity's corporate form for the purposes of personal jurisdiction do not apply Rule 17, but instead look to the law of the place where the entity was formed. *See, e.g.*, *Bensmiller v. E.I. Dupont de Nemours & Co.*, 47 F.3d 79, 82 (2d Cir. 1995) (holding that an entity was not subject to personal jurisdiction in Connecticut because it was not joint venture in

6

Texas, which was "the state where the joint venture was allegedly formed"); *Hill v. Shell Oil Co.*, 149 F. Supp. 2d 416, 419 (N.D. Ill. 2001) ("[T]he law of Texas should be used when determining whether a joint venture between the [Houston-based companies] in fact existed.").

Plaintiff's allegations are controverted by GEORXT's evidence that it is a corporation and not a joint venture. GEORXT presents an affidavit attesting that it is a corporation organized and existing under the laws of the British Virgin Islands, and provides its certificate of incorporation.[3] As evidence of the existence of a joint venture, plaintiff relies on statements from the RXT website and RXT's first quarter report describing GEORXT as a joint venture company.[4] That RXT colloquially refers to GEORXT as a joint venture is irrelevant to determining whether GEORXT is in fact a joint venture. Plaintiff's evidence does not dispute that GEORXT is a corporation formed under the laws of the British Virgin Islands. In fact, plaintiff's exhibits reveal that GEORXT is owned "55% by GEORADAR and 45% by RXT Group."[5] Further, plaintiff supplies no

---

[3] *See* R. Doc. 13-4 (GEORXT's certificate of incorporation; R. Doc. 10-2 at 1 (affidavit attesting that "GEORXT is a corporation operating and existing under the laws of the British Virgin Islands").

[4] R. Doc. 12-7 at 3; R. Doc. 12-6.

[5] R. Doc. 12-6.

evidence that GEORXT shared profits and losses with RXT, exercised any control over RXT, or acted as a partner of RXT. Here, there is only evidence that GEORXT was incorporated under the laws of the British Virgin Islands.[6] Accordingly, under the laws of the place of GEORXT's formation, GEORXT is a corporation and not a joint venture.[7]

Because there is no evidence of a joint venture between GEORXT and RXT, RXT's contacts will not be imputed to GEORXT. *See Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983) ("[S]o long as a parent and subsidiary maintain separate and distinct corporate entities, the presence of one in a forum state

---

[6] R. Doc. 13-4.

[7] This choice of law issues is of minor significance, because GEORXT would not qualify as a joint venture under Louisiana law as well. "A joint venture cannot exist where the business or enterprise is organized and operated in corporate form." *Nolan*, 736 F. Supp. at 127 (citing *Westenberger v. State Dep't of Educ.*, 333 So. 2d 264, 270 (La. Ct. App. 1976)); *see Coffee Bay Investors, LLC v. W.O.G.C. Co.*, 878 So. 2d 665, 670 (La. Ct. App. 2004) ("A joint venture has been defined as a 'special combination of two or more persons, where in some specific venture a profit is jointly sought without any actual partnership or corporate designation.'" (quoting *Grand Isle Campsites, Inc. v. Cheek*, 262 La. 5, 19 (1972))); *Ault & Wiborg Co. of Canada v. Carson Carbon Co.*, 160 So. 298, 300 (La. 1935). Here, GEORXT was incorporated. Accordingly, GEORXT may not be a joint venture as a matter of law. *See Nolan*, 736 F. Supp. at 127 (finding no joint venture for the purposes of personal jurisdiction where the alleged co-venturers "are organized in corporate form").

may not be attributed to the other.").[8] Accordingly, this Court will only consider GEORXT's contacts with Louisiana when determining whether it can exercise personal jurisdiction.

**2. GENERAL JURISDICTION**

In response to GEORXT's motion to dismiss, plaintiff alleges the following contacts between GEORXT and Louisiana: (1) Liz Partridge on behalf of RXT offered plaintiff employment with GEORXT while he was at his home in Slidell, Louisiana; (2) GEORXT sent an offer of employment and an employment agreement to plaintiff in Louisiana; (3) plaintiff signed these employment agreements in Louisiana; (4) various other employment documents were sent to plaintiff in Louisiana and signed by plaintiff in Louisiana.[9] These documents were emailed to plaintiff.[10]

Plaintiff argues that this evidence suggests that GEORXT intentionally availed itself of the privilege of transacting business within Louisiana.[11] To the extent that plaintiff is

---

[8] Plaintiff also fails to argue that this Court should disregard GEORXT's corporate structure and impute RXT's contacts to GEORXT. The presumption of institutional independence of related corporate entities may be rebutted by "clear evidence," which requires a showing of something beyond the mere existence of a corporate relationship between a resident and nonresident entity to warrant the exercise of jurisdiction over the nonresident. *Dickson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331, 338 (5th Cir. 1999).

[9] R. Doc. 4 at 2.

[10] R. Doc. 12-2.

[11] *Id.*

arguing that GEORXT had "continuous and systematic" activities to support this Court's general jurisdiction, plaintiff's argument fails. That GEORXT sent plaintiff employment forms for work conducted abroad cannot lead to the conclusion that Louisiana is a place "in which the corporation is fairly regarded as home." *Goodyear*, 131 S.Ct. at 2853–54 (2011).

The Supreme Court's standard for finding general jurisdiction over foreign corporations requires greater connections with the forum state than plaintiff has alleged. *Helicopteros Nacionales,* 466 U.S. at 415. In *Helicopteros*, the Colombian defendant corporation had negotiated with business partners in Texas, purchased its fleet of helicopters, equipment, and training services from a Texas helicopter manufacturer, sent prospective pilots to Texas for training and to pick up aircraft, sent management and maintenance personnel to visit a supplier's plant for technical consultation, and received over $5 million in payments from a bank in Texas. 466 U.S. at 410. The Supreme Court held that those contacts with Texas were insufficient to satisfy the due process requirements for general jurisdiction. *Id.* at 418–19.

Here, GEORXT's alleged contacts are fewer and less substantial than those in *Helicopteros Nacionales*. Plaintiff's allegations amount to nothing more than the recruitment and sending of forms to a employee that happens to be in Louisiana.

10

Plaintiff has therefore failed to establish a *prima facie* case that GEORXT's conduct in and contacts with Louisiana justify the exercise of general jurisdiction over it by this Court.

### 3. SPECIFIC JURISDICTION

Nor do plaintiff's allegations make out a *prima facie* case for specific jurisdiction. It is well established in the Fifth Circuit that entering into a contract with a resident of the forum state does not by itself establish minimum contacts. *See Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478-79 (1985)). The Fifth Circuit has made clear that without more, email exchanges leading up to the executing of agreements, do not constitute sufficient minimum contacts to subject the nonresident defendant to the forum state's courts. *See DMG Holdings, LLC v. Am. World Pictures, Inc.*, No. 11-1572, 2011 WL 4899949, at *3 (E.D. La. Oct. 14, 2011); *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004)(citing *Holt Oil & Gas Corp. V. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986)).

In *Freudensprung*, a defendant's hiring of a seaman in a state was insufficient to establish minimum contacts. 379 F.3d 327 (5th Cir. 2004). The plaintiff was hired by Offshore Technical Services, Inc. ("OTSI"), a Texas corporation that supplies personnel to the offshore hydrocarbon industry to work on offshore platforms. Pursuant to a contract between OTSI and

11

Willbros West Africa, Inc. ("WWAI"), a Panamanian corporation, WWAI selected the plaintiff from among other candidates referred by OTSI to work on its barge off the coast of Nigeria. Plaintiff was injured while working aboard WWAI's barge. He filed a Jones Act suit in the Southern District of Texas against WWAI and others, and WWAI moved to dismiss for lack of jurisdiction. In affirming the district court's dismissal, the Fifth Circuit held that personal jurisdiction over WWAI in Texas was lacking. The Fifth Circuit emphasized that merely contracting with a resident of the forum state for work done elsewhere is insufficient to subject the nonresident defendant to the forum's jurisdiction:

> [T]his Court has repeatedly held that the combination of mailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish the minimum contacts necessary to support the exercise of specific personal jurisdiction over the nonresident defendant.

*Id.* (citing *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986). Under these authorities, plaintiff's allegations that GEORXT recruited plaintiff and emailed him employment forms that he executed in Louisiana are insufficient to establish minimum contacts to support specific jurisdiction over GEORXT. *See Anderson v. GlobalSanteFe Offshore Servs., Inc.*, No. 11-812, 2013 WL 594201, at *5-6 (E.D. La. Feb. 15, 2013).

Accordingly, the Court lacks personal jurisdiction over GEORXT. The Court will not address GEORXT's motion to dismiss for failure to properly serve process, as it is moot.

## III. FAILURE TO STATE A CLAIM

Defendant RXT moves to dismiss under Rule 12(b)(6) because plaintiff has not stated a claim upon which relief can be granted.[12]

### A. STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1960 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not

---

[12] Plaintiff argues that because GEORXT included an affidavit and other evidence in support of its Rule 12(b)(2) motion, this Court should convert defendants' motion to one for summary judgment. However, this Court may consider affidavits and other evidence on a Rule 12(b)(2) motion. *Thompson*, 755 F.2d at 1165. RXT does not submit extrinsic evidence on its motion to dismiss under 12(b)(6), and this Court will not consider any of GEORXT's exhibits in considering the Rule 12(b)(6) motion.

bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007).

**B. DISCUSSION**

RXT argues that plaintiff failed to allege key elements in his amended complaint. Plaintiff's amended complaint added RXT as an additional defendant.[13] RXT claims that plaintiff's amended complaint fails to allege that his injury was caused by the fault of RXT, that RXT was his employer while aboard the M/V Sanco

---

[13] R. Doc. 4.

Star, or that RXT had any interest in the M/V Sanco Star.[14] Because plaintiff does not allege a basis upon which RXT can be liable to him, plaintiff's complaint fails to state a claim upon which relief can be granted. Plaintiff's complaint must therefore be dismissed. Because in the Fifth Circuit "granting leave to amend is especially appropriate . . . when the trial court has dismissed the complaint for failure to state a claim," *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (quoting *Griggs v. Hinds Junior College*, 563 F.2d 179, 180 (5th Cir. 1977) (per curiam), plaintiff has fourteen days to amend his complaint against RXT.

## IV. CONCLUSION

This Court lacks personal jurisdiction over GEORXT. Accordingly, GEORXT's motion to dismiss is GRANTED. RXT's motion to dismiss is also granted, but plaintiff has 14 days to amend his complaint to state a claim against RXT.

New Orleans, Louisiana, this 18th day of June, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[14] R. Doc. 10-1 at 13-14.