UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUAN J. STIAES                                    CIVIL ACTION

VERSUS                                            NO: 12-3013

GEORXT, INC.                                      SECTION: R

<u>ORDER AND REASONS</u>

Plaintiff moves for a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2).[1] For the following reasons, plaintiff's motion is DENIED.

## I.    BACKGROUND

Defendant RXT is a Texas corporation with its headquarters in Houston. Juan Stiaes, a resident of Slidell, Louisiana, began working for RXT as a mechanic in 2008. In 2011, RXT stationed Stiaes as a mechanic on the M/V Sanco Star, a vessel located off the coast of Africa. On March 15, 2012, GEORXT, a corporation organized under the laws of the British Virgin Islands, hired Stiaes as a mechanic on the M/V Sanco Star. On July 7, 2012, plaintiff suffered an injury to his right hand. Plaintiff subsequently sued GEORXT and RXT, asserting claims under the Jones Act, the Oceanographic Research Vessels Act, and the general maritime law of the United States.[2]

---

[1] R. Doc. 19.

[2] R. Docs. 1, 4.

Both defendants moved to dismiss Stiaes's claims.[3] On June 18, 2013, this Court dismissed Stiaes's claim against GEORXT for want of jurisdiction and dismissed Stiaes's claim against RXT for failure to state a claim.[4] The Court, however, granted Stiaes 14 days to file an amended complaint to properly state a claim against RXT.[5] Stiaes did not file an amended complaint within 14 days, and concedes that he is "unable to amend his complaint to better state a claim against RXT."[6] Nevertheless, plaintiff files this motion to dismiss his claim against RXT without prejudice under Rule 41(a)(2).[7] RXT opposes plaintiff's motion.[8]

## II. VOLUNTARY DISMISSAL

Federal Rule of Civil Procedure 41(a)(2) provides: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." A decision as to whether to grant a dismissal under Federal Rule of Civil Procedure 41(a)(2) lies within the sound discretion of the district court. *Davis v. Huskipower Outdoor Equipment*, 936 F.2d 193, 199 (5th Cir. 1991). The Fifth

---

[3] R. Doc. 10.

[4] R. Doc. 18.

[5] *Id.*

[6] R. Doc. 19-1 at 2.

[7] R. Doc. 19.

[8] R. Doc. 20.

Circuit has explained that, "as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Triparth Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). In assessing the prejudice to the non-moving party, courts examine the stage of the litigation at which the motion is made. *See Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990).

Stiaes's lawsuit against RXT is in its last throes. This Court granted RXT's motion to dismiss for failure to state a claim, and "[a] dismissal with prejudice for failure to state a claim is a decision on the merits and essentially ends the plaintiff's lawsuit." *Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 940 (5th Cir. 1988) (citation omitted). In its discretion, the Court granted plaintiff leave to file an amended complaint to cure the defects in its claim against RXT. Had this Court simply granted RXT's motion to dismiss without providing leave to amend, Stiaes's motion would have been dismissed with prejudice. It would be an odd rule that a plaintiff could lose on a dispositive motion but get a mulligan through Rule 42(a)(2) because the district court granted leave to amend.

In an analogous case, the Fifth Circuit has held that a defendant suffers legal prejudice when a voluntary dismissal

would "strip[][the defendant] of an absolute defense to the suit" in the second lawsuit. *Phillips v. Ill. Cent. Gulf R.R.*, 874 F.2d 984, 987 (5th Cir. 1989) (holding that voluntary dismissal was properly denied when defendant would lose benefit of statute of limitations defense that served as the basis of its summary judgment motion). Similarly, here, RXT has had a favorable ruling on the merits of its case. If having to defend a case you have already won "does not constitute clear legal prejudice to the defendant, it is hard to envision what would." *Id*. Accordingly, plaintiff's motion is denied, and his claims against RXT are dismissed with prejudice.

**III. CONCLUSION**

Plaintiff's motion is denied, and his claims against RXT are dismissed with prejudice.

New Orleans, Louisiana, this 18th day of July, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE